IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTTY R. GLASSCO, | |
| Petitioner, | 4:15CV3112 |
| V. | |
| SCOTT FRAKES, Director of Nebraska Department of corrections, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondent argues that Petitioner's claims are not yet exhausted in state court and this matter should be dismissed without prejudice. The court agrees and will dismiss the petition.

## I. BACKGROUND

Petitioner was convicted of burglary and misdemeanor theft on June 10, 2008, in the District Court of Nance County, Nebraska.[1] (Filing No. 1 at CM/ECF p. 15.) The district court enhanced Petitioner's conviction under the Nebraska habitual criminal statute. On July 11, 2008, Petitioner was sentenced to 10 to 20 years imprisonment for burglary, and 6 months imprisonment on the theft conviction. Petitioner was given 207 days credit for time served, and his sentences were ordered to be served concurrently. *State v. Glassco*, No. A-08-837, 2009 WL 2342740, *4 (Neb. Ct. App. July 28, 2009).

---

[1] As noted below, Respondent did not submit any state court records in this matter. Therefore, the citations provided in this order are taken from the state records attached to the habeas petition.

Petitioner appealed his conviction and sentence to the Nebraska Court of Appeals. Petitioner's conviction and sentence were affirmed by written opinion on July 28, 2009. *State v. Glassco*, No. A-08-4:11-cv-0231, 2009 WL 2342740 (Neb. Ct. App. July 28, 2009).

According to Petitioner, on or about June 11, 2014, his sentence was recalculated by the Nebraska Department of Corrections. Petitioner claims the recalculation was done on account of a misinterpretation of "mandatory minimum sentences" under Nebraska law. (Filing No. 1 at CM/ECF p. 5.) Petitioner argues that his grounds for habeas relief did not become evident until June 21, 2014, when he received a new sentence sheet which reflected the increase in his sentence. (Filing No. 1 at CM/ECF pp. 12-13.)

It is difficult to tell from the state records provided by Petitioner, but it appears that sometime in late 2014 or early 2015, Petitioner filed a "Motion for Specificity in Sentencing or Re-Sentencing" in state district court. (Filing No. 12 at CM/ECF p. 4.) A hearing on the motion was held on February 12, 2015. The district court denied the motion on February 12, 2015, finding as follows: "[T]he court is without authority to alter or modify its judgment after term. The Defendant appealed the sentence and the appeal was denied and the sentence and judgment of the Court was affirmed. The Defendant has filed for post conviction relief and the appeal of the denial for post conviction relief was affirmed." (Filing No. 12 at CM/ECF p. 5.)

Petitioner filed his Petition for Writ of Habeas Corpus in this court on September 21, 2015. (Filing No. 1.) Respondent filed an Answer and Brief in Support of Answer on February 10, 2016. (Filing Nos. 9, 10.) Respondent did not, however, submit any state court records, asserting that "there are no state court records regarding the Petitioner's claim as he has not sought a remedy for his claim in State Court by means of a declaratory judgment action." (Filing No. 8 at CM/ECF p. 1.)

## II. DISCUSSION

In this action, Petitioner challenges the recalculation of his criminal sentence by officials of the Nebraska Department of Correctional Services ("NDCS"). Petitioner maintains that his minimum sentence, as it was recalculated by NDCS officials, is five years greater than the sentence imposed by the state district court. In response, Respondent asserts that this case should be dismissed without prejudice because Petitioner has failed to exhaust his state remedies regarding this issue.

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Petitioner's claim will be dismissed without prejudice because, as far as the court can tell from the records presented, he has not exhausted his state court remedies. Petitioner has not challenged the recalculation of his sentence by filing an action in state court. *See Richardson v. Clarke*, 2 Neb. App. 575, 512 N.W.2d 653, 654 (1994) (stating that a prisoner may bring a declaratory judgment action challenging the calculation of his or her sentence). *See also Shabazz v. Norris*, 76 F.3d 382 (8th Cir. 1996) (dismissing § 2254 petition without prejudice for failure to exhaust state remedies, stating that inmate who disagreed with computation of his parole eligibility and release date could file a state-court action for declaratory judgment and mandamus to have records corrected). Notably, Petitioner does not put up much resistance to Respondent's exhaustion argument. Petitioner's response states, in part, "If the Court deems it necessary for Petitioner to backtrack and file a Declaratory Judgment in State Court, Petitioner will comply. Petitioner asks the court to preserve these claims for future submission if the Declaratory Judgment is not successful." (Filing No. 12 at CM/ECF p. 1.)

The court agrees that Petitioner's state court remedies have not been fully exhausted, and will therefore dismiss Petitioner's habeas petition without prejudice to reassertion. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) ("When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted").

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Petitioner's petition is dismissed without prejudice to reassertion after exhaustion of state remedies.

2. The court will not issue a certificate of appealability in this matter.

3. The court will enter a separate judgment in accordance with this order.

DATED this 17th day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge